## (December 9, 1971)

■ In the Matter of ARLENE H. (ANONYMOUS), Appellant.— In a proceeding under article 7 of the Family Court Act, the appeal, as limited by appellant's brief, is from so much of an order of the Family Court, Kings County, dated January 26, 1971, as, after adjudging her to be a person in

need of supervision, directed that she be placed in the New York State Training School for a period of not more than 18 months. Order reversed insofar as appealed from, on the law and the facts and in the exercise of discretion, without costs, and proceeding remitted to the Family Court for the purpose of placing appellant in a suitable environment (Family Ct. Act, § 756, subd. [a]). In *Matter of Jeanette P.* (34 A D 2d 661), this court held that children who misbehave by running away from home, keeping late hours, etc., should not be accorded treatment identical to that accorded youngsters who commit criminal acts, to wit, confinement in a State Training School, because purportedly no adequate alternative has been provided. We believe such rationale is applicable to this matter and should have been followed by the Family Court. In the instant case, the record reveals that the parents of appellant, a female who was 14 years of age when the order under review was made, are separated; the custody of the child has been shuttled back and forth between them for the past seven or eight years; and her mother has a history of mental instability. Although she has evidently experimented with drugs in the recent past, it is clear that her propensity for absconding from home is not related to the use of drugs, but has its genesis in the unwholesome and often bizarre home environment and family tensions to which she has been subjected since she was seven or eight years of age. We recognize the difficulties facing the Family Court in placing appellant in a suitable environment. However, since " The court is authorized to seek the cooperation    *   *   * of all [children's aid] societies or organizations, public or private   *   *   * to give the children within its jurisdiction such care, protection and assistance as will best enhance their welfare" (Family Ct. Act, § 255), we reject, as defeatism, the premise that children in need of aid and supervision, such as appellant, must be confined as quasi criminals because allegedly there are no viable alternatives (cf. *Matter of Jeanette P., supra*). Since the psychiatric and psychological reports both indicate that appellant is an attractive young lady and wishes to pursue a career in fashioning or modeling, we suggest that the agency eventually charged with her supervision give her guidance and advice with respect to a possible career in such fields. Latham, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.